UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE J. GAINES, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>STU SHERMAN (Warden), *et al*.,<br><br>        Defendants. | Case No. 1:15-cv-01533-RRB<br><br>**ORDER RE: MOTIONS AT<br>DOCKETS 10 and 12** |

At **Docket 10** Plaintiff Leslie J. Gaines, Jr., a California state prisoner appearing *pro se* and *in forma pauperis* has moved to expedite briefing and hearing, and at **DOCKET 12** objected to the Magistrate Judge's denial of Gaines' motion to appoint counsel. The Court will address those motions in inverse order.

**OBJECTION TO DENIAL OF MOTION TO APPOINT COUNSEL [DOCKET 12]**

The record reflects that this case was initially assigned to District Judge Lawrence J. O'Neill and Magistrate Judge Michael J. Seng. The record further reflects that Gaines declined to consent to the jurisdiction of the Magistrate Judge.[1] The Motion to Appoint Counsel was referred to Magistrate Judge Seng for determination, who denied the motion.[2] Gaines has objected to that Order.

---

[1] Docket 6.

[2] Docket 11.

ORDER RE: MOTIONS AT DOCKETS 10 and 12
*Gaines v. Sherman*, 1:15-cv-01533-RRB – 1

The Court may reconsider any pretrial matter referred to a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[3]

Generally, a state prisoner has no right to counsel in civil actions.[4] "However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together."[5]

The Court, having reviewed the Order entered by the Magistrate Judge, has determined that the decision of the Magistrate Judge is neither clearly erroneous nor contrary to law. The availability of *pro bono* counsel to represent indigent prisoners is limited. While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, it does not appear at this stage of the proceedings that this is a case in which it is necessary to appoint counsel.

Accordingly, the Order Denying Motion for Appointment of Counsel at Docket 11 will be affirmed.

---

[3] 28 U.S.C. § 636(b)(1)(A).

[4] *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

[5] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

## MOTION TO EXPEDITE BRIEFING

Although somewhat difficult to follow, Gaines appears to contend that the violations that occurred at the place of his prior confinement will continue at the place of his current confinement unless those defendants (presumably the defendants named in Gaines' Complaint) are made aware of this case.[6]

As was explained in the First Informational Order, the extremely large number of such cases before the Court notwithstanding, the Court screens *pro se* plaintiffs' civil complaints as expeditiously as possible, but delay is inevitable.[7] The Court will screen the Complaint in this case as expeditiously as may be permitted by the Court's case load, including matters having statutory priority and the processing of motions such as these. Gaines has not provided any evidence that he is currently being threatened with serious bodily harm or death. The Motion to Expedite Briefing at Docket 10 will be denied.

## ORDER

The Motion to Expedite Briefing and Hearing at **Docket 10** is hereby **DENIED**.

The Objections to Magistrate Judge's Findings and Denial for Appointment of Counsel at **Docket 12** are **DENIED**, and the Order Denying Motion for Appointment of Counsel at **Docket 11** is hereby **AFFIRMED**.

**IT IS SO ORDERED** this 10th day of May, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[6] Gaines is currently incarcerated at the Kern Valley State Prison. The Complaint arises out of his prior incarceration at the California Substance Abuse Treatment Facility–Corcoran.

[7] Docket 3, p. 3.

ORDER RE: MOTIONS AT DOCKETS 10 and 12
*Gaines v. Sherman*, 1:15-cv-01533-RRB – 3