UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE J. GAINES, JR.,<br><br>                    Plaintiff,<br><br>vs.<br><br>STU SHERMAN (Warden), *et al.*,<br><br>                    Defendants. | Case No. 1:15-cv-01533-RRB<br><br>**<u>DISMISSAL ORDER</u>** |

Plaintiff Leslie J. Gaines, Jr., a California state prisoner appearing *pro se* and i*n forma pauperis*, brings this civil rights action under the Civil Rights Act (42 U.S.C. § 1983), the Americans With Disabilities Act ("ADA") (42 U.S.C. §§ 12101, *et seq.*), the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (42 U.S.C. § 2000cc), and the California Unruh Act (Cal. Civ. Code § 51) against various officials of the California Department of Corrections and Rehabilitation.[1]

---

[1] In addition to Warden Sherman, Gaines names as Defendants in the caption:  Dr. Bonilla (SVSP Psychologist); Charles D. Lee (SVSP Chief Medical Officer); Kipps (CSP LVN); Hurtz (CSP Psychologist); Metz (CSP Primary Care Physician); Vella (CSP Correctional Counselor II); Reynoso (CSP Correctional Officer); Beasly (CSP Correctional Officer); D. Lopez (CSP Correctional Lt.); Curtis (CSP Correctional Lt.); D. Stohl (CSP Correctional Lt.); Reynoso  (CSP Correctional Lt.); Peterson (CSP Correctional Counselor I); M. Leflar (CSP Correctional Officer); D. Pelayo (CSP Correctional Officer); A. Sami (CSP LVN); J. Rising (CSP Correctional Officer) E. Rivera (CSP Correctional Officer); Renning (CSP Correctional Officer); L. Lorenzo (CSP Correctional Officer); Castelle (CSP Correctional Sgt.); M. Hacker (CSP Correctional Capt.); Mueller (CSP Correctional Officer); Sanchez (CSP Correctional Officer); Kuffeeh (CSP Correctional Officer); Arreazolla (CSP Correctional Officer); Doering (CSP Correctional Officer); Davidson (CSP LVN); Boyd (CSP Correctional Officer); Flemming (CSP Correctional Officer); Dunning (CSP Correctional Officer); Boliva (CSP LVN-MTA); Papsqualli (CSP LVN); Ward (CSP Correctional Lt.); Tally (continued...)

## I.   SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6]  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

––––––––––––––––––––

[1](...continued)
(CSP LVN); Oberlander (CSP Pyschologist); Hernandez (Correctional Counselor I); Does 1– 5 (American Disability Act Board Members); and Does 1-4 (Mental Health Staff).

[2]  28 U.S.C. § 1915A(a).

[3]  28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4]  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5]  *See Booth*, 532 U.S. at 734.

[6]  Fed. R. Civ. P. 8(a)(2).

accusation."[7]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II.  GRAVAMEN OF COMPLAINT

The factual allegations in Gaines' Complaint consist of the incorporation of what is captioned as an Amended Complaint in *Gaines v. Sherman*, Case No. 1:13-cv-01478.[13]

---

[7]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[8]  *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9]  *Iqbal*, 556 U.S. at 678–79; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10]  *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11]  *Id.*

[12]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

[13]  Docket 1, pp. 8–37.

The records in that case indicate that it was voluntarily dismissed without prejudice at Gaines request on October 28, 2014.[14]

Gaines is classified as mobility impaired under the Americans with Disabilities Act. As a result Gaines wears wrist and knee braces, is provided a cane and orthopedic shoes, assigned to a ground floor/lower berth cell, restrictions on his physical activity, and emotional problems. Consistent with the structure of the Complaint, consisting of sequentially number paragraphs without any identifiable separation of the claims by either nature or time, the Court will group it by the allegations made against each Defendant or group of Defendants where the Defendants are alleged to have acted in concert.

Dr. Bonilla — Gaines characterizes Dr. Bonilla, the psychologist at SVSP, as a transgender male in a female body and a homosexual. After describing his interactions with Dr. Bonilla and his religious beliefs regarding homosexuality, Gaines alleges that Dr. Bonilla: (1) erroneously changed his diagnosis from depression/bipolar/schizophrenic to pedophilia; (2) challenged Gaines to a fight; (3) caused two unnamed sergeants at SVSP to threaten Gaines with death if Gaines did not withdraw his grievance against Dr. Bonilla; and (4) instigated his transfer to CSATF.[15]

Curtis, Dunning, Flemming, Boyd, and D. Pelayo — The correctional officers assigned to the housing unit in which Gaines was assigned upon his arrival at CSATF-Corcoran. The allegations as against them appear to arise out of Gaines' arrival at CSATF-Corcoran and the period immediately thereafter. The allegations are directed

---

[14] Case No. 1:13-cv-01478-MJS, Docket 21. The Court takes judicial notice of the file in that case. Fed. R. Evid. 201.

[15] Complaint, pp. 14–18, ¶¶ 23–36.

against Curtis and appear to contend that by tone of voice and Gaines' subjective interpretation of the words used Curtis was threatening Gaines with retaliation if Gaines continued to file grievances. Although they were present at the time of the alleged interaction between Gaines and Curtis, it does not appear that either Dunning or Flemming were involved or participated.  With respect to Boyd and Pelayo, other than to be identified by name, there are no allegations made against them.  Gaines also accuses Curtis, Boyd, Flemming, Dunning, and Pelayo of being part of an operation introducing contraband into CSATF.[16]

D. Lopez — Although it is unclear, Gaines appears to allege that Lopez threatened Gaines with placement in Ad-Seg if Gaines did not accede to being issued two regular mattresses instead of the regular mattress and orthopedic mattress to which Gaines was entitled under the medical chrono.[17]

E. Reynoso — The claim against Reynoso appears to be that Reynoso implied that Gaines should kill Gaines' cell mate.  When he declined, Gaines was sent to Ad-Seg. Gaines further alleges that Reynoso failed to promptly and properly inventory Gaines' property as a result of which several items of Gaines' property were lost.[18]

---

[16] *Id.*, pp. 18–23, ¶¶ 37–46, 50–53.

[17] *Id.*, pp. 21–22, ¶¶ 48–49

[18] *Id.*, pp. 23–27, ¶¶ 54–66.  In the caption Gaines identifies two Defendants by the name Reynoso:  a Correctional Officer and a Correctional Lieutenant.  Gaines does not identify against which of the two these allegations are addressed.  In amending his Complaint Gaines should specifically identify which Reynoso committed the act underlying his claim.

LVNs Kipps, Davidson, Boliva, Papsqualli, and Tally — Allegedly signed doctor's orders changing Gaines' use of a cane and work restrictions, and lied on the RVR reports that apparently led to RVR violation conviction.[19]

Beasley, Renning, D. Pelayo, M. Leflar, Arreazolla, Kufeeh, Sanchez, Mueller, and Rivera — Allegedly used Boyd's inmate criminal group to attack Gaines with a knife.[20]

A. Sami — Gaines contends that he did not receive medical treatment for an alleged stabbing on August 15, 2015. Gaines does not provide any factual basis for this allegation other than to allege that Sami wrote a medical report following an examination on that date.[21]

Oberlander — In response to Gaines declining to leave his cell to be interviewed Oberlander, a psychologist, allegedly remarked in a loud voice: "Is it because you feel bad about being in prison for child molestation." Gaines further alleges that as a result of Oberlander's remark an attempt was made on Gaines' life by other inmates.[22]

Mueller, Arreazolla, Rivera, Castelle, Sanchez, Kuffeeh, Doering, and Ward — Allegedly blocked an appeal Gaines made to the Warden to be removed from an "all Crip Gang member" building, allegedly so that the inmates who were allegedly working with the Defendants to introduce contraband into the prison could kill Gaines. [23]

---

[19] *Id.*, p. 28, ¶ 70.

[20] *Id.*

[21] *Id.*

[22] *Id.*, p. 29, ¶¶ 71–73.

[23] *Id.*, pp. 29–30, ¶ 74.

As and for relief Gaines seeks:  (1) a declaration that his rights were violated; (2) reverse the guilty findings of the disciplinary proceeding; (3) restoration of the good time credits; (4) expunge the disciplinary proceeding from the records; (5) compensatory damages of $50,000 against each Defendant; (6) recovery of lost/destroyed property; and (7) such other relief as may be justified.  In addition, Gaines seeks to have the filing fee he is paying in this prior case (1:13-cv-01748-MJS) apply to this case.

## III.   DISCUSSION

As discussed below, as presently constituted Gaines' Complaint suffers from several infirmities.  As a result, the Complaint will be dismissed for failure to state facts upon which relief may be granted.

*Exhaustion*.  Exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[24]  Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[25]  "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules."[26]  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the

---

[24] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[25] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[26] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

boundaries of proper exhaustion."[27]  Although all available remedies must be exhausted, "those remedies need not meet federal standards, nor need they be plain, speedy and effective."[28]  "For prisons, . . ., that do not instruct prisoners on what precise facts must be alleged in a grievance, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."[29]  California provides a procedure for prisoner grievances.[30]

A prisoner is not required to affirmatively plead exhaustion.  Instead, exhaustion is an affirmative defense to be raised and proven by the defense.[31]  "Exhaustion should be decided, if feasible, early in the proceedings before reaching the merits of a prisoner's claim."[32]  This will usually be by a motion for summary judgment,[33] priced, however, "in

---

[27] *Id.*

[28] *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (quoting *Booth*, 532 U.S. at 739) (internal quotation marks omitted)).

[29] *Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012) (internal citations and quotation marks omitted).

[30]   Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review.").  Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.  *See Brown v. Valoff*, 422 F.3d 926, 929–30 (9th Cir. 2005)

[31] *Jones v. Bock*, 549 U.S. 199, 212–17 (2007); *Albino*, 747 F3d at 1166, 1168.

[32] *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc).  The Ninth Circuit also noted that "if discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving to later—if it becomes necessary—discovery directed to the merits of the suit."  *Id.*

[33] *Id.* at 1166, 1168–69 (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may move under Rule 12(b)(6) for failure to state a claim."[34]

A defendant has the initial burden to prove "that a grievance procedure existed, and the prisoner did not exhaust that available remedy."[35]   Once a defendant has met this burden, the burden shifts to the plaintiff to demonstrate that the grievance procedure was inadequate, ineffective, unobtainable, unduly prolonged, inadequate, or futile.[36]  If a court finds that a plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice."[37]  It is the policy of this Court to address the issue of exhaustion as early in the proceeding as possible. Thus, a prisoner must specifically plead the facts evidencing that all available remedies have been exhausted with respect to each claim asserted.  The Complaint in this case does not meet that standard.

*ADA.*   Title II of the Americans With Disabilities Act[38] applies to inmates in state correctional systems.[39]   Gaines unquestionably is a disabled person as defined in the ADA.[40]   Under the ADA "no qualified individual with a disability shall, by reason of such disability, be excluded from the benefits of services, programs, or activities of a public

---

[34]   *Id.* at 1166.

[35]   *Id.* at 1172.

[36]   *Id.*

[37]   *Wyatt*, 315 F.3d at 1120 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.3d 365, 368 & n.3 (9th Cir. 1988) (*per curiam*)).

[38]   42 U.S.C. §§ 12131–12165.

[39]   *Armstrong v. Wilson*, 124 F.3d 1019, 1022–23 (9th Cir. 1997).

[40]   42 U.S.C. § 12131(2).

entity, or be subjected to discrimination by any such entity."[41]  It is unclear just what act of

which Defendant falls within the scope of Title II.  Gaines has not identified any service,

program, or activity of which he has been denied the benefits.  Although it is unlikely that

Gaines can truthfully plead facts that fall within the scope of Title II of the ADA, the Court

will grant him the opportunity to do so.

*RLUIPA.*  The Religious Land Use and Institutionalized Persons Act provides:

> **(a) General rule.**  No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>> (1)  is in furtherance of a compelling governmental interest; and
>> (2)  is the least restrictive means of furthering that compelling governmental interest.
> **(b) Scope of application**.  This section applies in any case in which—
>> (1)  the substantial burden is imposed in a program or activity that receives Federal financial assistance; or
>> (2)  the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.[42]

Congress enacted the RLUIPA under its Spending Clause and Commerce Clause

powers.[43]  In so doing, Congress limited its reach to state and local government land-use

regulations and restrictions on the religious exercise of institutionalized persons.[44]  "With

respect to prisons, RLUIPA's reach is limited to prohibiting a 'government' from burdening

---

[41]  42 U.S.C. § 12132.

[42]  42 U.S.C. § 2000cc-1.

[43]  *Sossamon v. Texas*, 563 U.S. 277, 281 (2011).

[44]  *Id.*

religious exercise in correctional institutions."[45]   In that respect, RLUIPA provides that "no government shall impose a substantial burden on the religious exercise" of an institutionalized person unless the government demonstrates that the burden "is in furtherance of a compelling government interest" and "is the least restrictive means of furthering" that interest.[46]

The problem Gaines faces in this case is that nothing in his Complaint even remotely supports a judgment in his favor based upon the RLUIPA.  it is also evident from the Complaint that Gaines cannot truthfully plead facts sufficient to warrant the granting of any relief under the RLUIPA.  Consequently, to the extent Gaines seeks relief under the RLUIPA, dismissal will be without leave to amend.

*Deliberate Indifference*.  "Deliberate indifference is a high legal standard.  A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[47]   A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[48]   A defendant must purposely ignore or fail to respond to a prisoner's pain

---

[45]   *Woody v. Yordy*, 753 F.3d 899, 902 (9th Cir. 2014).

[46]   *Sossaman*, 563 U.S. at 281.

[47]   *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

[48]   *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional (continued...)

or medical need in order for deliberate indifference to be established.  Where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.[49]

The allegations of the Complaint, directed against Sami for allegedly failing to provide treatment on the date of the stabbing incident, fall far short of meeting this standard.  Likewise, the allegation that Dr. Bonilla erroneously changed Gaines' diagnosis from depression/bipolar/schizophrenic to pedophilia also falls far short.  Accordingly, those claims must also be dismissed. Although it is highly unlikely that Gaines can truthfully plead sufficient facts to support a medical indifference claim the Court will grant him an opportunity to amend.

*Conspiracy*.  Plaintiff makes general, omnibus allegations that some of the Defendants in doing the myriad of acts alleged were doing so in the furtherance of some grand conspiracy. A plaintiff must plead the basic elements of a civil conspiracy:  an agreement and concerted action amongst the defendants in the furtherance of that agreement.[50]  Because it is presently drafted in purely conclusory terms, the Complaint falls far short of meeting this standard.  Furthermore, because the allegation that correctional

---

[48](...continued)
over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[49] *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

[50] *See Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 990–91 (9th Cir. 2006); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (noting that a bare allegation of a conspiracy is almost impossible to defend against where numerous individuals are concerned).

officers conspired with prisoners to inflict serious bodily injury or death on Gaines, if proven, could result in a criminal prosecution of the correctional officers involved, it is inherently improbable that such a conspiracy existed.  That fact notwithstanding, the Court will grant Gaines an opportunity to properly plead a conspiracy.

*Disciplinary Proceeding*.  Gaines appears to challenge the validity of a disciplinary proceeding in which he alleges his due process rights were denied.[51]  Under *Heck* an inmate may not seek damages in a § 1983 claim when establishing the basis for the claim necessarily involves demonstrating that the conviction, sentence, or length of incarceration is invalid.[52]  *Heck*, however, does not bar a § 1983 claim that "threatens no consequence for [an inmates'] conviction or the duration of [his or her sentence.]"[53]  Because as presently pleaded the result of the disciplinary proceeding does not appear, the Court cannot determine whether or not this claim falls within the scope of *Heck*.  Should Gaines intend to pursue this claim further in his Amended Complaint he must:  (1) identify the Defendant(s); (2) specifically allege the punishment, if any, imposed; and (3) attach a copy of the disciplinary proceeding.

*Omitted Defendants*.  Although named in the Caption and identified as Defendants, Gaines does not include any factual allegations in the body of the Complaint against:  Warden Sherman; Charles D. Lee (Chief Medical Officer); Hurtz (CSP Pyschologist); Vella

---

[51]  Docket 1, p. 27, ¶ 67.

[52]  *See Heck v. Humphrey*, 512 U.S. 477, 486–97 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 643–47 (1997) (extending the *Heck* rule to § 1983 claims that, if successful, would imply the invalidity of deprivations of good-time credits provided for by prison disciplinary proceedings).

[53]  *Muhammed v. Close*, 540 U.S. 749, 751 (2004).

(Correctional Counselor II); D. Stohl (Correctional Lt.); Peterson (CSP Correctional Counselor); L. Lorenzo (CSP Correctional Officer); or M. Hacker (CSP Correctional Capt.). Consequently, as against these Defendants the Complaint fails to allege facts sufficient to warrant granting any relief, and the Complaint must be dismissed as against them.

In amending his Complaint Gaines should keep certain principles in mind. To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[54] That is, the official must "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[55]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][56]

In amending his Complaint as against these Defendants, in the absence of a specific allegation of otherwise actionable conduct, Gaines must allege specific facts that fall within the foregoing standard.

---

[54] *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

[55] *Id.* (internal quotation marks and citations omitted).

[56] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco.*, 570 F.3d 1078, 1096 (9th Cir. 2009)).

*Doe Defendants*.  As a general rule, the use of "John Doe" to identify a defendant is not favored.[57]  "[W]here the identity of alleged defendants will not be known prior to the filing of the complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants."[58] Dismissal for failure to identify unnamed defendants is appropriate only if "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."[59]

Here, Gaines does not allege any facts that support a claim against either the California Disability Act Board Members or the Mental Health Staff.  Nor does it appear from the Complaint that Gaines can truthfully allege a viable claim against either the California Disability Act Board Members or the Mental Health Staff.  Furthermore, Gaines uses the same Doe 1–4 to identify both sets of Doe Defendants.  Should he elect to include those Defendants Gaines should use separate Doe numbers for each set of Defendants as well as specific facts that support a viable claim.

*Unruh Act*.  To the extent that Gaines alleges that the actions of Defendants violated state law, § 1983 does not provide a cause of action for those claims.[60]  In addition, a Plaintiff must show compliance with the presentment requirements of the California Tort Claims Act.[61]   In this case, it does not appear that Gaines has complied with the

---

[57]  *See Wiltsie v. Calif. Dept. of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968).

[58]  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[59]  *Id.*

[60]  *Loftis v. Almagar*, 704 F.3d 645, 647 (9th Cir. 2012) (*citing Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

[61]  *See Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 627 n.4 (9th Cir. 1988).

requirements of presenting a claim a tort claim under California law; nor does it appear likely that he could have.  In amending his Complaint Gaines must specifically allege compliance with the California Tort Claims Act and attach the documents evidencing such compliance.

*Filing Fee*.  There is no authority that permits the Court to apply the filing fee assessed in a prior case that was voluntarily apply to a subsequent case.  Consequently, the request that the filing fee in *Gaines v. Sherman*, Case No. 1:13-cv-01478 be applied to this case must be denied.

## IV.   ORDER

The request to have the filing fee assessed in *Gaines v. Sherman*, Case No. 1:13-cv-01478 applied to this case is hereby **DENIED**.

The Claim under The Religious Land Use and Institutionalized Persons Act is hereby **DISMISSED** without leave to amend.

All other claims are hereby **DISMISSED** with leave to amend.

Plaintiff is granted through and including **Monday, June 27, 2016**, within which to file an Amended Complaint consistent with this Order.   In preparing his Amended Complaint, Plaintiff *must*:

1.    Adhere to the Federal Rules of Civil Procedure regarding pleadings, in particular, Rule 8(a), which provides—

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

DISMISSAL ORDER
*Gaines v. Sherman*, 1:15-cv-01533-RRB – 16

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2.      Use and follow the instructions for completing the form provided by the Clerk of the Court.

3.      With respect to each claim plead without legal argument or citation to authority the facts entitling him to relief, specifically:  (1) the identity of the person(s) doing the act; (2) description of the act and the date it occurred; (3) the harm/injury suffered as a result of the act; and (4) the specific relief requested, e.g., amount of monetary damages.

4.      Sequentially number paragraphs and, to the extent based upon separate events either in time or nature, separate and caption each claim, e.g., "First Cause of Action – Deliberate Indifference" or "Second Cause of Action – Denial of Due Process."

5.      Attach copies of all documents referred to in the body of the complaint to the extent that copies of such documents are within his possession, custody, or control.

6.      If the act occurred prior to September 15, 2011, set forth specific facts that support the tolling of the limitations period.

7.      With respect to each claim affirmatively plead that he has exhausted his available administrative remedies or was prevented by circumstances beyond his control from exhausting his administrative remedies and, to the extent they are in his possession, custody, or control, attach to the Amended Complaint copies of all documents evidencing such exhaustion.

In the event Plaintiff fails to file an amended complaint consistent with this Order within the time specified, or such later time as the Court may order, a judgment of dismissal may be entered without further notice.

IT IS SO ORDERED this 13th day of May, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE