UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE J. GAINES, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>STU SHERMAN (Warden), *et al*.,<br><br>        Defendants. | Case No. 1:15-cv-01533-RRB<br><br>**ORDER DENYING MOTION**<br>**AT DOCKET 16** |

At **Docket 16** Plaintiff Leslie J. Gaines, Jr., a California state prisoner appearing *pro se* and *in forma pauperis* has moved the Court to reconsider its prior Dismissal Order to the extent it dismissed the Claim under the Religious Land Use and Institutionalized Persons Act ("RULIPA").[1]

Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same or a higher court in the same case.[2] However, the law of the case doctrine is not a shackle without a key.

Federal Rule Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders.  If the court enters an interlocutory order without entering a final judgment, e.g., an order granting summary judgment but no final judgment is entered under Federal Rule Civil Procedure 54, Rule 59 does not apply.[3]  Likewise, Rule

---

[1] Dismissal Order, Dkt. 15.

[2] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[3] *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).

60(b) by its very terms applies solely to final judgments.[4] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[5]

That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[6] In this case only the first ground may be applicable.

The Court reiterates that nothing in the Complaint alleges that the actions of any of the Defendants imposed a substantial burden on Gaines' exercise of his religious beliefs. Nor does his allegation that the so-called conspiracy to cause him harm started as the act of Defendant Dr. Bonilla based solely on Dr. Bonilla's opposition to Gaines' religious belief create a RLUIPA violation. If there was in fact a conspiracy to cause Gaines harm that resulted in Gaines suffering some harm, that fact alone gives rise to Gaines' right to obtain relief. On the other hand, if there was no conspiracy to cause Gaines harm or he suffered no harm, the RLUIPA does not provide Gaines with any avenue to obtain relief. In short, taken as a whole, Gaines' RLUIPA claim is predicated upon an alleged deliberate mis-

---

[4] *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000).

[5] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001). Gaines incorrectly cites the Federal Rules of Appellate Procedure, applicable to cases on appeal to the Court of Appeals from this Court, as his authority.

[6] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

diagnosis by Dr. Bonilla based upon the doctors' hostility to Gaines' religious beliefs. How this imposes a substantial burden on the ability of Gaines to exercise his religious beliefs is both unexplained and inexplicable. If Dr. Bonilla deliberately mis-diagnosed Gaines' condition that fact, standing alone, creates a violation of the Eighth Amendment. On the other hand, if Dr. Bonilla did not misdiagnose Gaines' condition, Dr. Bonilla's hostility to Gaines' religious beliefs could not have in any way interfered with the exercise of those religious beliefs.

Accordingly, the Motion for Reconsideration at **Docket 16** is hereby **DENIED**.

**IT IS SO ORDERED** this 1st day of July, 2016

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE