UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE J. GAINES, JR.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STU SHERMAN (Warden), *et al.*,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01533-RRB<br><br>**SECOND DISMISSAL ORDER** |

Plaintiff Leslie J. Gaines, Jr., a California state prisoner appearing *pro se* and i*n forma pauperis*, brought this civil rights action under the Civil Rights Act (42 U.S.C. § 1983), the Americans With Disabilities Act ("ADA") (42 U.S.C. §§ 12101, *et seq.*), the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (42 U.S.C. § 2000cc), and the California Unruh Act (Cal. Civ. Code § 51) against various officials of the California Department of Corrections and Rehabilitation.[1]

---

[1] In addition to Warden Sherman, Gaines named as Defendants in the caption of his Complaint: Dr. Bonilla (SVSP Psychologist); Charles D. Lee (SVSP Chief Medical Officer); Kipps (CSP LVN); Hurtz (CSP Psychologist); Metz (CSP Primary Care Physician); Vella (CSP Correctional Counselor II); Reynoso (CSP Correctional Officer); Beasly (CSP Correctional Officer); D. Lopez (CSP Correctional Lt.); Curtis (CSP Correctional Lt.); D. Stohl (CSP Correctional Lt.); Reynoso (CSP Correctional Lt.); Peterson (CSP Correctional Counselor I); M. Leflar (CSP Correctional Officer); D. Pelayo (CSP Correctional Officer); A. Sami (CSP LVN); J. Rising (CSP Correctional Officer) E. Rivera (CSP Correctional Officer); Renning (CSP Correctional Officer); L. Lorenzo (CSP Correctional Officer); Castelle (CSP Correctional Sgt.); M. Hacker (CSP Correctional Capt.); Mueller (CSP Correctional Officer); Sanchez (CSP Correctional Officer); Kuffeeh (CSP Correctional Officer); Arreazolla (CSP Correctional Officer); Doering (CSP Correctional Officer);
(continued...)

The Court dismissed the Complaint with leave to amend.[2]  Pending before the Court is the Amended Complaint.

## I.     SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3]  The court having set forth that standard in its prior Dismissal Order does not repeat them herein.

## II.    BACKGROUND/DISCUSSION

Initially the Court notes that Gaines has disregarded the explicit instructions given by the Court in the first Dismissal Order with respect to the format and facts necessary to be alleged.  A Court may dismiss an action on its own volition for the failure to follow a court order.[4]  Furthermore, as presently constituted the Amended Complaint reads like a short story, not a complaint.[5]  For the most part the allegations of the Amended Complaint are not only conclusory devoid of a factual basis, but conjecture and speculation bearing

---

[1](...continued)
Davidson (CSP LVN); Boyd (CSP Correctional Officer); Flemming (CSP Correctional Officer); Dunning (CSP Correctional Officer); Boliva (CSP LVN-MTA); Papsqualli (CSP LVN); Ward (CSP Correctional Lt.); Tally (CSP LVN); Oberlander (CSP Pyschologist); Hernandez (Correctional Counselor I); Does 1– 5 (American Disability Act Board Members); and Does 1-4 (Mental Health Staff).  Many of those Defendants do not appear in the Amended Complaint.

[2]  Docket 15.

[3]  28 U.S.C. § 1915A(a).

[4]  Fed. R. Civ. P. 41(b); *Yourish v. California Amplifier*, 191 F.3d 983, 986–87 (9th Cir. 1999).

[5]  The Caption includes: "Motion of <u>Judicial Notice</u> Pursuant to Federal Rules of Evidence, Article II, Rule 201(a)(b)(c)(d)(e), and (f); Including Article IV, Rule 401's Definition of '<u>Relevant Evidence</u>.'"

little, if any, relevance to a possible Constitutional violation.  Accordingly, the Amended Complaint is also deficient.

## III.   ORDER

The Amended Complaint is hereby **DISMISSED** in it entirety with leave to amend to the extent that the Court permitted amendment in its initial Dismissal Order.

Plaintiff is granted through and including **Monday, August 15, 2016**, within which to file a Second Amended Complaint consistent with this Order.  In preparing his Second Amended Complaint, Plaintiff *must*:

1. Adhere to the Federal Rules of Civil Procedure regarding pleadings, in particular, Rule 8(a), which provides—

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2. Use and follow the instructions for completing the form provided by the Clerk of the Court.

3. With respect to each claim plead without legal argument or citation to authority the facts entitling him to relief, specifically:  (1) the identity of the person(s) doing the act; (2) description of the act and the date it occurred; (3) the harm/injury suffered as a result of the act; and (4) the specific relief requested, e.g., amount of monetary damages.

n/a

4. Sequentially number paragraphs and, to the extent based upon separate events either in time, person, or nature, separate and caption each claim, e.g., "First Cause of Action – Deliberate Indifference" or "Second Cause of Action – Denial of Due Process."

5. Attach copies of all documents referred to in the body of the complaint to the extent that copies of such documents are within his possession, custody, or control. Simply including them by reference without attaching the documents is insufficient.

6. If the act occurred prior to September 15, 2011, set forth specific facts that support the tolling of the limitations period.

7. With respect to each claim affirmatively plead that he has exhausted his available administrative remedies or was prevented by circumstances beyond his control from exhausting his administrative remedies and, to the extent they are in his possession, custody, or control, attach to the Amended Complaint copies of all documents evidencing such exhaustion.

**In the event Plaintiff fails to file an amended complaint consistent with this Order within the time specified, or such later time as the Court may order, a judgment of dismissal may be entered without further notice.**

**IT IS SO ORDERED** this 7th day of July, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE