# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JAMES GAINES, JR.,<br><br>Plaintiff,<br><br>v.<br><br>BEASLEY, et al.,<br><br>Defendants. | No. 1:15-cv-1533 LJO JLT (PC)<br><br>**ORDER STRIKING THIRD AMENDED COMPLAINT AND DENYING REQUEST FOR COPIES; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Docs. 40, 41, 43)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff proceeds in this civil rights action on a second amended complaint against defendants Beasley, Rening, Lopez, Curtiss, and Ward on a First Amendment retaliation claim. Defendants Beasley, Rening, Lopez, and Ward (the "moving Defendants")[1] now move for summary judgment for failure to exhaust administrative remedies. (Doc. 41.) Plaintiff opposes the motion. Because the undisputed facts demonstrate that plaintiff has not exhausted his administrative remedies as to the moving Defendants, their motion for summary judgment should be granted.

---

[1] Defendants concede that plaintiff's claim against defendant Curtiss has been properly exhausted.

1

Plaintiff has also lodged a third amended complaint (Doc. 43), which will be stricken for failure to comply with Federal Rule of Civil Procedure 15 and Eastern District Local Rule 220.

**I.  Relevant Procedural Background**

Plaintiff initiated this action on September 23, 2015, and is proceeding on a second amended complaint filed on August 19, 2016. (Doc. 20.) On September 6, 2016, the previously-assigned district judge, the Honorable Ralph R. Beistline, screened the pleading and dismissed this action with prejudice for repeated failures to state a claim. (Doc. 21.) Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals, which reversed only that portion of Judge Besitline's order dismissing plaintiff's retaliation claims against defendants Curtiss, Beasley, Renning, Lopez, and Ward. (Doc. 30.) The mandate issued on February 9, 2018, and service was ordered on February 15, 2018. (Docs. 31, 33.) Following the defendants' May 21, 2018, answer, the Court issued the discovery and scheduling order and set the discovery deadline for November 4, 2018, and the dispositive motion deadline for January 3, 2019. (Doc. 39.)

**II.  Third Amended Complaint**

On October 1, 2018, plaintiff filed a third amended complaint, which he contends resolves certain factual disputes relied on by defendants in their motion for summary judgment. Specifically, plaintiff claims that he has added allegations regarding the defendants' threats of harm should plaintiff pursue administrative grievances.

Concerning amended pleadings, the DSO set October 2, 2018, as the deadline to submit them. (Doc. 39 at 3.) It also provided that "[t]his date does not allow any party to unilaterally file an amended pleading. Rather, any such amended pleadings must comply with all applicable Federal Rules of Civil Procedure (i.e. Rule 15) and Local Rules (i.e. Local Rule 220)." (Id. at 3 n.2.)

Pursuant to Federal Rule of Civil Procedure 15(a), "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's

written consent. Id. 15(a)(2). The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." Id. Local Rule 220 incorporates these requirements for amended pleadings. See E.D. Local Rule 220.

Plaintiff has not complied with the above requirements. Since the defendants filed their answer several months ago, plaintiff was required to seek leave of court before filing his third amended pleading; he did not do so. Instead, he merely filed the complaint despite the directive to comply with the necessary rules and the caution against "unilaterally fil[ing] an amended pleading." Plaintiff's third amended complaint is thus improperly before the court and will be **STRICKEN**.

### III.     Allegations

In the second amended complaint, plaintiff alleges, generally, that defendants Curtiss, Beasley, Renning, Lopez, and Ward threatened him in retaliation for filing or wanting to file grievances and inmate appeals. Sec. Am. Compl. ("SAC") ¶¶ 82, 101-02 (Lopez); 122-23, 179 (Beasley); ¶¶ 124-28, 178, 180 (Renning); ¶ 147, 185 (Ward). The conduct at issue dates from approximately June 2012 through on or around September 2015 (the "relevant period").

### IV.     Undisputed Facts

At all times relevant to this action, plaintiff was housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where Beasley, Rening, Lopez, and Ward were employed as correctional staff. Sec. Am. Compl. ¶¶ 12-13, 23, 38; Defs.' Answer (Doc. 37) ¶¶ 5-6, 9, 11.

During the relevant period, plaintiff filed three non-health care appeals that were accepted and adjudicated at the Third Level of Review. Decl. of Voong in Supp. of Defs.' Mot. Summ. J. (Doc. 41-4) ¶¶ 7-9. Of these three appeals, only Appeal Log No. SATF-12-05703 ("Appeal 5703") included a retaliation claim. Voong Decl. ¶ 9, Ex. 3. In it, plaintiff accused defendant Curtiss and two non-defendant correctional officers of retaliating against him on November 14 and 16, 2012, for submitting an inmate grievance; the appeal made no mention of any of the moving Defendants.

Plaintiff also submitted four other non-health care appeals that were screened-out,

3

rejected, and/or cancelled at the Third Level of Review. Voong Decl. ¶ 10, Exs. 5-6. None of these included any claim against any of the moving Defendants. See id.

During the relevant period, plaintiff submitted twenty-five non-health care appeals that were accepted and adjudicated at the first and/or second level of review. Decl. of Zamora in Supp. of Defs.' Mot. Summ. J. (Doc. 41-5) ¶ 8, Ex. 1. Of these twenty-five appeals, three included allegations of retaliation at CSATF: Zamora Decl. ¶¶ 9-12, Exs. 2-4.

- The first, Appeal 5703 and discussed *supra*, concerned only defendant Curtiss's alleged retaliation; it did not mention the moving Defendants.
- The second, Appeal Log No. SATF-14-05038 ("Appeal 5038"), was filed on September 8, 2014, and alleged that defendant Beasley retaliated against him for using the inmate grievance process. Plaintiff withdrew this appeal at the first level of review on November 1, 2014, "due to an understanding being reached."
- The third, Appeal Log No. SATF-14-03091 ("Appeal 3091"), alleged that defendant Beasley retaliated against plaintiff by refusing to let plaintiff cover his windows during a heat wave as a cooling measure. This appeal was denied at the first level of review, and then canceled at the second level of review as untimely.

In his responses to defendants' discovery requests, plaintiff acknowledges that he did not file a grievance as to Ward, Lopez, or Rening concerning the allegations raised in the second amended complaint. Decl. of Walker in Supp. of Defs.' Mot. Summ. J. Ex. E (Doc. 41-6 at 55 [Ward]); Ex. F (Id. at 63-65 [Lopez]); and Ex. G (Id. at 78-79 [Rening]).

As to defendant Beasley, plaintiff admits that his grievance did not proceed through all levels of review, a fact he blames on efforts by others to thwart his pursuit of administrative remedies. Id. Ex. H (Doc. 1-6 at 88-89). Plaintiff did not, however, file a separate grievance challenging an improper denial or cancelation of his Beasley grievance. See Voong Decl. ¶ 11, Ex. 1.

V.  **Legal Standards**

   A.  **Summary Judgment Standards**

The court must grant a motion for summary judgment if the movant shows that there is no

4

genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to

dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under penalty of perjury and the facts therein are evidence for purposes of evaluating the defendants' motion for summary judgment.

**B.     California's Administrative Exhaustion Rules**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be

exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR-602 HC form for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3-4).[2]

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., id. at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

## VI. Discussion

The moving Defendants seek summary judgment on plaintiff's retaliation claims because plaintiff did not exhaust his administrative remedies. In support of their motion, defendants submit evidence showing that plaintiff submitted multiple inmate grievances during the relevant period, but none of those submissions exhausted his administrative remedies as to his retaliation claim. The Defendants have met their burden to demonstrate that there were available administrative remedies for plaintiff and that plaintiff did not properly exhaust those available remedies. The undisputed evidence shows that California provides an administrative-remedies system for California prisoners to complain about their conditions of confinement, and that plaintiff used that California inmate-appeal system to complain about other events unrelated to his complaints here.

---

[2] Several Ninth Circuit cases have referred to California prisoners' grievance procedures as not specifying the level of detail necessary and instead requiring only that the grievance "describe the problem and the action requested." See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Cal. Code Regs. tit. 15, § 3084.2); Sapp, 623 F.3d at 824 ("California regulations require only that an inmate 'describe the problem and the action requested.' Cal. Code Regs. tit. 15, § 3084.2(a)"); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (when prison or jail's procedures do not specify the requisite level of detail, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought'"). Those cases are distinguishable because they did not address the regulation as it existed at the time of the events complained of in Plaintiff's pleading. Section 3084.2 was amended in 2010 (with the 2010 amendments becoming operative on January 28, 2011), and those amendments included the addition of subsection (a)(3). See Cal. Code Regs. tit. 15, § 3084.2 (history notes 11-12 providing operative date of amendment). Wilkerson and Sapp used the pre-2011 version of section 3084.2, as evidenced by their statements that the regulation required the inmate to "describe the problem and the action requested" – a phrase that does not exist in the version of the regulation in effect in and after 2011. Griffin is distinguishable because it discussed the Maricopa County Jail administrative remedies rather than the CDCR's administrative remedies. Whatever the former requirements may have been in the CDCR and whatever requirements may still exist in other facilities, since January 28, 2011, the operative regulation has required California prisoners using the CDCR's inmate appeal system to list the name(s) of the wrongdoer(s) in their administrative appeals.

Once the moving Defendants met their initial burden, the burden shifted to plaintiff to come forward with evidence showing that something in his case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172. Plaintiff acknowledges that he did not exhaust his administrative remedies as to any of the moving Defendants, but he argues that he could not have done so because he was concerned about the repeated threats to harm him and/or transfer him should he file or pursue his appeals. Plaintiff argues that these threats rendered administrative remedies effectively unavailable.

For a remedial procedure to be "available" it must exist both in law and, in actual practice, be "capable of use to obtain some relief for the action complained of." Ross, 136 S. Ct. at 1859 (internal quotation marks omitted). In Ross, the Supreme Court enumerated three instances where a procedure, in a practical sense, is unavailable: (1) when the process operates as a "simple dead end" with no actual possibility of relief to prisoners; (2) when the process is so opaque or confusing that it is "essentially unknowable—so that no ordinary prisoner can make sense of what it demands"; and (3) when prison officials thwart inmates from using the process through machination, misrepresentation, or intimidation. Id. at 1859–60 (internal quotation marks omitted).

In McBride v. Lopez, 807 F.3d 982, 986 (9th Cir. 2015), the Ninth Circuit explicitly recognized that a threat of retaliation may be sufficient to render an administrative remedy "effectively unavailable." There, the inmate allegedly had an altercation with guards where he threw some sort of burning liquid into the eyes of a guard, and subsequently guards punched and kicked him, claiming they needed to use the force to subdue McBride. Id. at 985. McBride was placed in administrative segregation and claimed that two of the defendant guards involved came by and told him he was "lucky" and his injuries "could have been much worse." Id. He took this as a threat and claimed he did not immediately file his grievance concerning excessive force out of fear of retaliation. Id. When he eventually filed the grievance, it was two months late. Id. When he filed his section 1983 action, he attached his grievances, including his explanation of untimeliness that he feared retaliation. Id. The defendants moved to dismiss for failure to properly exhaust. Id. at 986.

The Ninth Circuit adopted the test applied by the Tenth and Eleventh Circuits to

determine when administrative remedies are unavailable as a result of threat of retaliation: "(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust." McBride, 807 F.3d at 987 (citation omitted).

Plaintiff has asserted throughout this litigation and in his opposition that there is a "CODE OF SILENCE" and a conspiracy amongst CSATF correctional staff to harm or kill inmates who "Rat[] on staff" by filing grievances, and it is these threats that prevented him from pursuing an inmate grievance. See, e.g., Pl.'s Opp'n at 3. He claims that defendant Ward told plaintiff, " 'If I were you, I'd lay low', directly on issues of defendant or appealing matters related to Plaintiff." Walker Decl. Ex. E (Doc. 41-6 at 47-48). Defendant Lopez, an alleged "main enforcer, and implementor [*sic*] of the efforts to prevent [plaintiff] from filing grievances," instilled such fear in plaintiff by appearing at plaintiff's cell with other officers to take plaintiff to the medical department that plaintiff declined to file an inmate appeal. Id. Ex. F (Doc. 41-6 at 63-64). In addition, plaintiff declined to pursue an appeal against defendant Rening because plaintiff "felt the force of the threat" of Rening's conduct underlying this action (threatening to plant a knife in plaintiff's personal property if he filed an appeal concerning a missing television set). See Sec. Am. Compl. ¶ 126; Walker Decl. Ex. G (Doc. 1-6 at 78). The Court assumes for purposes of this motion that these threats were sufficient to meet the subjective test of McBride.

Nonetheless, the undersigned concludes that the second, objective test has not been met. If plaintiff was indeed afraid of the threats and an alleged conspiracy amongst correctional staff to harm inmates who "rat" on other staff members, then one would assume that plaintiff would not file any staff complaints, let alone those concerning retaliation, for fear of harm. The undisputed facts, however, reveal that plaintiff filed Appeal 5703 accusing Curtiss of retaliation and Appeal 5038 accusing Beasley of retaliation. Plaintiff also acknowledges in his response to defendants' discovery requests that, while he was afraid of harm at the hands of defendant Lopez should he file a staff complaint, he "filed different inmate appeal on the action of Defendant LOPEZ" whom he accused of improperly confiscating a medical device. See Walker Decl. Ex. F (Doc. 41-6 at

65). The fact that plaintiff filed several appeals during the relevant period alleging retaliation or staff misconduct despite threats convinces the undersigned that the objective test has not been met. Thus, plaintiff has not shown that administrative remedies were effectively unavailable to him, and the undersigned will recommend that the moving Defendants' motion for summary judgment be granted.

**V.     Conclusion**

Based on the foregoing, the Court **ORDERS** that:

1. Plaintiff's third amended complaint (Doc. 43) is **STRICKEN**;
2. Plaintiff's request for copies (Doc. 40) is **DENIED**; and

It is **RECOMMENDED** that motion for summary judgment (Doc. 41) be **GRANTED** as to all defendants except defendant Curtiss.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within 14 days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within 14 days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **October 19, 2018**                    **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE